ARCHER & GREINER, P.C.
630 Third Avenue
New York, New York 10017
Tel: (212) 682-4940
Allen G. Kadish
Harrison H.D. Breakstone
Email: akadish@archerlaw.com
    hbreakstone@archerlaw.com

*Proposed Counsel for Northeast Brooklyn Partnership,*
*Debtor and Debtor-in-Possession*

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x

In re:                                                          Chapter 11

NORTHEAST BROOKLYN PARTNERSHIP,                 Case No. 19-40822 (CEC)

            Debtor.

------------------------------------------------------------x

## DECLARATION OF JEFFREY E. DUNSTON
## PURSUANT TO LOCAL BANKRUPTCY RULE 1007-4

JEFFREY E. DUNSTON, being duly sworn, declares as follows:

1.      I am an authorized representative and signatory of Northeast Brooklyn Partnership (the "**Debtor**"), a New York limited partnership.

2.      I am acting herein on behalf of the Debtor, and am authorized to submit this Declaration pursuant to the Eastern District of New York Local Bankruptcy Rule 1007-4 in support of the voluntary petition filed.

3.      Unless otherwise stated, I have personal knowledge of the facts contained herein. I am aware of the business and financial condition of the Debtor.

4.      Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

5.      The Debtor is not a "small business debtor" as such term is used under section 101(51)(D) of the Bankruptcy Code.

6.      The Debtor is not a "single asset real estate debtor" as such term is used under section 101(51)(B) of the Bankruptcy Code.

7.      No other bankruptcy petition has been filed for this Debtor.

8.      No committee of creditors has been formed in this case to date.

**Background**

9.      The Debtor is a for-profit limited liability partnership organized under the laws of New York on or about August 29, 1991.  The Debtor owns and operates five residential buildings and an additional lot (the "**Buildings**"), totaling 40 units that are over 90% leased:

| Address | Units | Neighborhood |
| --- | --- | --- |
| 409 Kosciuszko Street, Brooklyn, New York 11221 | 3 | Bedford-Stuyvesant |
| 403 Kosciuszko Street, Brooklyn, New York 11221 | 13 | Bedford-Stuyvesant |
| 399 Kosciuszko Street, Brooklyn, New York 11221 | 12 | Bedford-Stuyvesant |
| 397 Kosciuszko Street, Brooklyn, New York 11221 | Lot | Bedford-Stuyvesant |
| 675 Halsey Street, Brooklyn, New York 11233 | 6 | Stuyvesant Heights |
| 671 Halsey Street, Brooklyn, New York 11233 | 6 | Stuyvesant Heights |

10.      The Debtor's stated purpose upon its organization was, and remains, to acquire the land and improvements and rehabilitate or construct the Buildings, to finance such acquisition and rehabilitation or construction through loans, and to operate, manage, lease, and otherwise deal with the Buildings as a real estate development consisting of, or including in significant part, low-income rental housing.  The purposes of the partnership also include the

provision of decent, safe, and sanitary housing affordable to low-income households and qualifying for low-income housing tax benefits (together, the "**Partnership Purpose**").

11.    The Debtor is a domestic limited partnership with one general partner and one limited partner.

12.    Cheryl's Villa Housing Corporation ("**Cheryl's Villa**") is the general partner of the Debtor.

13.    Cheryl's Villa is a for-profit, New York corporation incorporated on February 15, 1991 with a corporate purpose, among others, of serving as the general partner of a limited partnership engaged in the development and operation of low-income housing accommodations under the federal low-income housing tax credit program.

14.    North Hill 1 LLC ("**North Hill**") is the limited partner of the Debtor.

15.    North Hill is a for-profit, New York limited liability corporation incorporated on March 7, 2017.

16.    Northeast Brooklyn Housing Development Corporation ("**NEB**") is the sole shareholder of Cheryl's Villa and North Hill.

17.    NEB was incorporated in January 1985 as a 501(c)(3) not-for-profit organization with a mission to provide affordable rental housing to low-income residents of Central Brooklyn, with an initial focus on advocacy through block associations and merchant and tenant organizing.

18.    The Debtor is empowered to do and perform all acts necessary to accomplish the Partnership Purpose.

19.    Given the Partnership Purpose of the Debtor and its partnership structure, NEB, as the sole member of both the Debtor's general and limited partner manages operations of the Debtor.  NEB executes the administrative, financial and operational functions of the Debtor.

20.     A Property Management Agreement and a Janitorial Agreement have been entered into between NEB and the Debtor, under which NEB operates the Buildings and provides maintenance services.

21.     The Debtor maintains insurance on the Building, which is current, and intends to preserve such coverage.  Proof of insurance will be provided to the United States Trustee.

22.     The value of the Buildings as determined for insurance purposes is in excess of $8,734,000.00.

23.     The Debtor believes that significant equity remains in the Buildings which can support a sale or refinance transaction and ultimately a chapter 11 reorganization.

### Circumstance Leading to the
### Commencement of this Chapter 11 Case

**A.     The City of New York Mortgages**

24.     The Debtor entered into the following mortgages with the City of New York (the "**City**") totaling $2,848,843.00, as asserted by the City:

> (i)  Note dated June 27, 1991 for $2,432,706.00 recorded on August 13, 1991 at Reel 2729 Page 1076.  The note and mortgage were thereafter modified by Mortgage and Note Modification Agreement dated July 31, 2012 and recorded August 30, 2012 at CRFN 2012000244851.

> (ii)  Note dated July 31, 2012 for $416,137.00 recorded on August 30, 2012 at CRFN 2012000344853.

25.     At some point the Debtor failed to make monthly debt service after attempts to sell the Buildings failed due to lack of cooperation by the City.

26.     The Debtor entered into a contract of sale pre-petition for the sale of the Buildings for an amount in excess of the secured debt of the City.  The Debtor intends to file a motion to approve the contract of sale.

**B.**    **The Foreclosure Litigation**

27.    On October 31, 2017, the City commenced the Foreclosure Action in the Supreme Court of the State of New York, County of Kings (the "**State Court**"), against the Debtor and several other parties titled *City of New York v. Northeast Brooklyn Partnership, New York State Department of Taxation and Finance, New York City Environmental Control Board; City of New York Department of Finance; Betty J. Cox d/b/a JS Secretarial Services; and "John Does" #'s 1-100* (No. 521090/2017) (the "**Foreclosure Action**").

28.    The City commenced the commercial foreclosure action alleging that the Debtor failed to comply with the terms and provisions of the mortgages by failing to pay the monthly debt service due and owing on July 1, 2017, and thereafter.

29.    On December 13, 2018, the State Court entered an *Order of Receivership* [NYSCEF Doc. No. 95].

30.    Upon information and belief, the receiver appointed therein has not taken any steps in furtherance of its duty.

31.    The Debtor believes it can consummate a sale or refinance transaction within the parameters of chapter 11.

32.    In order to avoid the potential disposition of the Building and to preserve the value of the Buildings for the benefit of the Debtor and its partners, the Debtor files this chapter 11 case.

**Other Disclosures Required by Local Rule 1007-4**

33.    Local Rule 1007-4 requires the Debtor to disclose certain information. The information is outlined below and set forth in the exhibits attached hereto.

5

34.     As required by Local Bankruptcy Rule 1007-4(a)(i), the Debtor is required to set forth whether the debtor is a small business debtor within the meaning of Section 101(51)(D). The Debtor is not a small business debtor under this statute.

35.     As required by Local Bankruptcy Rule 1007-4(a)(v), the Debtor must provide a list of the Debtor's twenty (20) largest unsecured creditors. The list is attached hereto as Exhibit "A".

36.     As required by Local Bankruptcy Rule 1007-4(a)(vi), the Debtor must provide a list of the Debtor's five largest secured creditors.  The list is attached hereto as Exhibit "B".

37.     As required by Local Bankruptcy Rule 1007-4(a)(vii), the Debtor must provide a summary of the Debtor's assets and liabilities.  Attached as Exhibit "C" is the Debtor's latest Balance Sheet, which reflects the Debtor's assets and liabilities.

38.     As required by Local Bankruptcy Rule 1007-4(a)(viii), the Debtor is required to disclose whether any of its securities are publicly held.  The Debtor has no publicly traded securities.

39.     As required by Local Bankruptcy Rule 1007-4(a)(ix), the Debtor is not aware of any property being held in the possession or custody of any custodian, public officer, mortgagee, pledgee, assignee of rents, or secured creditor, or agent for any such entity.

40.     As required by Local Bankruptcy Rule 1007-4(a)(x), the Debtor must provide a list of the premises owned, leased or held under any other arrangement from which the debtor operates its business.  The Debtor owns the Buildings described above.

41.     As required by Local Bankruptcy Rule 1007-4(a)(xi), the Debtor must provide a list of the locations of the Debtor's significant assets, books and records.  The Debtor's main

assets are the Buildings.  The Debtor has a bank account with Bank of America.  The Debtor's

books and records are located with NEB at 132 Ralph Avenue, Brooklyn, New York 11233.

42.       As required by Local Bankruptcy Rule 1007-4(a)(xii), the Debtor must provide

the nature and present status of each action or proceeding, pending or threatened, against the

debtor or its property where a judgment against the debtor or a seizure of its property may be

imminent.  Attached hereto as Exhibit "D" is a schedule of lawsuits currently pending where the

Debtor is a party.  The Debtor intends to add additional items as necessary.

43.       As required by Local Bankruptcy Rule 1007-4(a)(xiii), the Debtor must provide

the names of the debtor's existing senior management, their tenure with the debtor, and a

summary of their relevant responsibilities and experience.   As of February 11, 2019, the

authorized representative of the Debtor is as follows:

> Jeffrey Dunston, 27 years – Authorized representative of the Debtor
> and oversees the management and operation of the entity.  Has over
> 25 years of experience in the field of community, economic and real
> estate development that has resulted in community assets totaling
> $150MM.    Mr. Dunston is also the chief executive officer of NEB.
> Mr. Dunston is a director of Cheryl's Villa, a director of North Hill
> and the authorized representative of the Debtor.

44.       As required by Local Bankruptcy Rule 1007-4(a)(xiv), the Debtor must provide

the estimated amount of weekly payroll.  The Debtor maintains no weekly payroll.

45.       As required by Local Bankruptcy Rule 1007-4(a)(xv), the Debtor must provide

the amount paid and proposed to be paid to officers and directors for services for the 30-day

period following the filing of the chapter 11 petition.  The Debtor will pay no officers and

directors during the 30-day period following date of the Order for Relief.

46.       As required by Local Bankruptcy Rule 1007-4(a)(xvi), the Debtor must provide a

schedule for the 30-day period following the filing of the chapter 11 petition, of estimated cash

receipts and disbursements, net cash gain or loss, obligations and receivables expected to accrue but remaining unpaid, other than professional fees, and any other relevant information.  Given the Balance Sheet filed herewith as Exhibit "C" the estimated monthly receipts and disbursements are approximately $26,800.92 and $19,754.87, respectively.

47.    As required by Local Bankruptcy Rule 1007-4(a)(xvii), the Debtor must provide additional information that may be necessary to fully inform the Court of the Debtor's rehabilitation prospects.  The Debtor intends to supplement this filing with any information it believes would be necessary or helpful to fully inform the Court of the Debtor's rehabilitation prospects.

I hereby declare, under penalty of perjury, pursuant to section 1746 of title 28 of the United States Code, that the foregoing is true to the best of my knowledge, information and belief.

Dated: New York, New York
        February 12, 2019

_____
Jeffrey E. Dunston
*Authorized Representative of*
*Northeast Brooklyn Partnership*

<u>INDEX OF EXHIBITS</u>

Exhibit "A" – Debtor's Twenty (20) Largest Unsecured Creditors

Exhibit "B" – Debtor's Five Largest Secured Creditors

Exhibit "C" – Balance Sheet

Exhibit "D" – Schedule of Lawsuits

EXHIBIT "A"

DEBTOR'S TWENTY (20) LARGEST UNSECURED CREDITORS

| Name of creditor and complete mailing address, including zip code | Nature of Claim | Amount of Claim | C U D (If contingent, enter C; if unliquidated, enter U; if disputed, enter D.) |
|---|---|---|---|
| NYC Water Board<br>PO Box 11863<br>Newark, NJ 07101-8163 | Trade debt | $49,361.93 | n/a |
| MDG Design & Construction LLC<br>1328 New York Avenue<br>Huntington Station, NY 11746 | Trade debt | $42,399.74 | n/a |
| NEBHDCo<br>132 Ralph Ave.<br>Brooklyn, NY 11233 | Contract arrears | $41,263.23 | n/a |
| NEBHDCo<br>132 Ralph Ave.<br>Brooklyn, NY 11233 | Contract arrears | $16,217.88 | n/a |
| NYC Dept. of Finance<br>100 Gold Street<br>New York, NY 10038 | Taxes | $15,438.56 | n/a |
| Ivan Armstrong, CPA<br>45-09 30th Avenue<br>Astoria, NY 11103 | Professional services | $12,646.00 | n/a |
| J. Alam Home Improvement, Inc.<br>230 Ocean Parkway, Apt D8<br>Brooklyn, NY 11218 | Trade debt | $6,200.00 | n/a |
| E & S Maintenance<br>PO Box 190917<br>Brooklyn, NY 11219 | Trade debt | $6,009.80 | n/a |
| National Grid<br>PO Box 11741<br>Newark, NJ 07101-4741 | Trade debt | $5,711.65 | n/a |
| S.D.L. Appliance Repair Service<br>727 Schenck Avenue<br>Brooklyn, NY 11207 | Trade debt | $5,128.03 | n/a |
| ConEdison<br>JAF Station<br>P.O. Box 138<br>New York, NY 102766-0138 | Trade debt | $4,907.18 | n/a |
| Superior Maintenance Supply<br>162 Spencer St.<br>Brooklyn NY 11205 | Trade debt | $4,526.02 | n/a |
| Rosenblum & Bianco, L.L.P.<br>100 Merrick Road, Suite 306E<br>Rockville Centre, NY 11570 | Professional services | $4,515.25 | n/a |
| Advantage Wholesale Supply<br>172 Empire Boulevard<br>Brooklyn, NY 11225 | Trade debt | $4,403.01 | n/a |

| | | | |
|---|---|---|---|
| Diamond Pump Electric Motor Co.<br>5511 Metropolitan Avenue<br>Queens, NY 11385 | Trade debt | $3,756.19 | n/a |
| New York Water Management Inc.<br>P.O. Box 190727<br>Brooklyn NY 11219 | Trade debt | $3,252.05 | n/a |
| Eldon V. Lessie<br>292 Midwood Street, B5<br>Brooklyn, NY 11225 | Trade debt | $2,759.00 | n/a |
| SiteCompli, LLC<br>53 West 23rd Street, 12th Fl.<br>New York, NY 10010 | Trade debt | $2,707.84 | n/a |
| Cohn Reznick LLP<br>1 Boston Place, Suite 500<br>Boston, MA 02108 | Professional services | $2,300.00 | n/a |
| BXTERMINATOR<br>625 Southern Blvd., Suite 1A<br>Bronx, NY 10455 | Trade debt | $1,435.16 | n/a |

EXHIBIT "B"

DEBTOR'S FIVE LARGEST SECURED CREDITORS

| Name of creditor and complete mailing address, including zip code | Name, telephone number, and email address of creditor contact | Nature of Claim | Amount of Claim | C U D (If contingent, enter C; if unliquidated, enter U; if disputed, enter D.) |
|---|---|---|---|---|
| The City of New York Department of Housing Preservation and Development 100 Gold Street New York, New York 10038 | Department of Housing Preservation and Development Attn: Marc S. DeMilt 100 Gold Street, Room 5-W2 New York, New York 10038 | Mortgage | $2,848,843.00 as of 6/31/12 | C, U, D |

EXHIBIT "C"


BALANCE SHEET

Northeast Brooklyn, LP (nor)

# Balance Sheet

Period = Jan 2019

Book = Accrual ; Tree = ysi_bs

| | | Current Balance |
|---|---|---:|
| **10000** | **ASSETS** | |
| | | |
| **11000** | **CASH IN BANKS** | |
| 11010 | Operating Account | 17,721.99 |
| 11025 | Operating LC Escrow Acct. | -149.04 |
| 11030 | Operating Reserve - ML | 11,870.00 |
| 11033 | Operating Reserves - HDC | 201,327.01 |
| 11040 | Replacement Reserve - ML | 7,870.00 |
| 11043 | Replacement Reserves HDC | 21,942.32 |
| 11050 | Tenant Security Deposit | 17,684.74 |
| **11499** | **CASH IN BANKS** | **278,267.02** |
| | | |
| **13000** | **RENT RECEIVABLE** | |
| 13010 | Residential Rent Receivable | 85,296.86 |
| 13011 | Contra Residential Rec. | -1,357.10 |
| 13019 | Accts Rec - Suspense | 1,525.11 |
| 13020 | Residential Subsidy Receivable | 4,718.08 |
| 13060 | Allowance for Uncollectable | 19,161.92 |
| **13499** | **TOTAL RENT RECEIVABLE** | **67,970.81** |
| | | |
| **14000** | **INTERCOMPANY RECEIVABLE** | |
| 14130 | D/T-D/F Hunterfly, LP | 3,000.00 |
| 14200 | D/T-D/F NEB, LP | -10,970.13 |
| 14230 | D/T-D/F NEBHDCO (General) | 6,463.61 |
| 14240 | D/T-D/F Northeast Brooklyn, LP | -1,059.25 |
| 14260 | D/T-D/F Raymond Ballard Apartments, HDFC | -10,000.00 |
| **14499** | **TOTAL INTERCOMPANY RECEIVABLE** | **-12,565.77** |
| 16010 | Prepaid Expense | 2,235.00 |
| 16030 | Utilities Deposit | 205.00 |
| 16060 | Escrow Replacement Reserve | 6.72 |
| 16070 | Escrow Insurance | 6.72 |
| 16120 | D/T Operating Reserve | 3,750.00 |
| 16130 | D/T Replacement Reserve | 3,000.00 |
| 16140 | Other Assets | 66,176.00 |
| **16499** | **TOTAL OTHER CURRENT ASSEST** | **75,379.44** |
| | | |
| **17000** | **FIXED ASSETS** | |
| 17010 | Appliance | 18,642.95 |
| 17020 | Building | 18,000.00 |
| 17030 | Building Equipment Portable | 6,288.18 |
| 17050 | Building Improvement - Residential | 3,569,426.58 |

Northeast Brooklyn, LP (nor)

# Balance Sheet

Period = Jan 2019

Book = Accrual ; Tree = ysi_bs

| | | Current Balance |
|---|---|---|
| 17070 | Land | 2,000.00 |
| 17110 | Organizational Costs | 7,499.42 |
| 17120 | Accumulated Amortization | -2,000.00 |
| 17130 | Accumulated Depreciation | -2,711,865.98 |
| **17499** | **TOTAL FIXED ASSETS** | **907,991.15** |
| 18190 | Dev - Asbestos Inspection & Test | 975.00 |
| **18499** | **TOTAL CONSTRUCTION COSTS** | **975.00** |
| **19999** | **TOTAL ASSETS** | **1,318,017.65** |
| | | |
| **20000** | **LIABILITIES** | |
| | | |
| **21000** | **CURRENT LIABILITIES** | |
| 21010 | Accounts Payable | 626,423.17 |
| 21012 | Contra A/P | -27,603.10 |
| 21020 | Accrued Expenses | 4,000.00 |
| 21023 | A/P Contra Account - CPC | -431,127.84 |
| 21026 | A/P Contra MDG Construction | -42,399.74 |
| 21030 | Accrued Interest | 51,149.21 |
| 21035 | Accrued Construction Cost | -27,775.24 |
| 21036 | Water, Sewer & RE Tax | 31,568.15 |
| 21039 | Accrued Management Fees | 12,726.98 |
| 21040 | Tenant Deposit Payable | 22,790.81 |
| 21041 | Accrued Janitorial Fees | 23,833.11 |
| 21050 | Tenant Deposit Interest Payable | 50.62 |
| 21070 | Prepaid Rental Income - Cash Basis | 1,658.83 |
| 21080 | Prepaid Subsidy Income | 2,503.59 |
| 21082 | Prepaid Rent - Contra | -1,357.10 |
| **21499** | **TOTAL CURRENT LIABILITIES** | **246,441.45** |
| | | |
| **23000** | **BUILDING LOANS PAYABLE** | |
| 23010 | Mortgage Principal HPD | 2,157,615.27 |
| 23011 | Mortgage Principal - NYCHDC | 84,140.00 |
| 23100 | NYC HPD Loan | 403,748.00 |
| 23105 | Mortgage | 275,000.00 |
| **23499** | **TOTAL BUILDING LOANS PAYABLE** | **2,920,503.27** |
| **29999** | **TOTAL LIABILITIES** | **3,166,944.72** |
| | | |
| **30000** | **EQUITY** | |
| 30020 | Net Assets, Limited Partnership Equity | -1,414,552.15 |
| 30030 | General Partner Equity | -21,285.20 |
| 30050 | Retained Earnings | -413,089.72 |
| **39999** | **TOTAL EQUITY** | **-1,848,927.07** |

Northeast Brooklyn, LP (nor)

# Balance Sheet

Period = Jan 2019

Book = Accrual ; Tree = ysi_bs

| | Current Balance |
|---|---|
| **TOTAL LIABILITIES & EQUITY** | **1,318,017.65** |

EXHIBIT "D"

SCHEDULE OF LAWSUITS

| CAPTION OF SUIT | CASE NUMBER | NATURE OF PROCEEDING | COURT & LOCATION | STATUS OR DISPOSITION |
|---|---|---|---|---|
| City of New York v. Northeast Brooklyn Partnership, New York State Department of Taxation and Finance, New York City Environmental Control Board; City of New York Department of Finance; Betty J. Cox d/b/a JS Secretarial Services; and "John Does" #'s 1-100 | Index No. 521090/2017 | Foreclosure | Kings County Supreme Court | Stayed |

215953579v1